Maria GONZALEZ, Plaintiff—
Appellant,

v.

GUARANTEE MUTUAL LIFE COMPANY, as Administrator and Fiduciary of the Banca Di Roma Short Term & Weekly Income Disability Insurance Plan; Banca Di Roma Short Term & Weekly Insurance Plan, Defendants—Appellees.

No. 99–16818.

D.C. No. CV–97–04213–SC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided Feb. 26, 2001.

Before BEEZER, T.G. NELSON and BERZON, Circuit Judges.

## MEMORANDUM *

Maria Gonzalez appeals from the district court's findings of fact and conclusions of law following a bench trial on her claim for long-term disability benefits under an ERISA-governed insurance policy. Because the facts are familiar to the parties, we repeat them here only as necessary to explain our decision.

1. Gonzalez argues that we should not reach the issue of her non-compliance with the examination provision because her claim was not denied for that reason. The record reveals, however, that her non-compliance was a stated reason for Guarantee's denial of her claim. On March 7, 1997, Guarantee informed Gonzalez that it had "no alternative but to uphold [its] original denial" of her claim for several reasons, including her refusal to comply with the examination clause, and in an October 3, 1997 letter, Guarantee stated that it would consider Gonzalez's file closed for, among other reasons, her refusal to submit to requested examinations. So Gonzalez was, or should have been, aware that Guarantee conditioned its payment of benefits on her compliance with the examination clause and denied benefits in part for non-compliance with the clause.

■ 2. We review de novo the district court's legal conclusion that because Gonzalez refused to submit to the requested examinations, she forfeited any right to benefits under the terms of the policy. *Cisneros v. UNUM Life Ins. Co.*, 134 F.3d 939, 942 (9th Cir.1998).

Gonzalez argues that the examination clause should be interpreted to mean that a claim is no longer "pending" once it has been initially denied, even if an appeal from that denial is going forward. That interpretation does not comport with the ordinary use of language. The appeal was an internal one. Guarantee as an entity was still considering whether the claim for benefits should be granted or not. In other words, the claim for benefits, in common parlance, had not been finally decided, but was still "pending" before the company.

■ Furthermore, Gonzalez's interpretation is in tension with the ERISA statute and its corresponding regulations governing the mandatory administrative review process that follows an ERISA plan's initial denial of a claim. The statute and regulations plainly contemplate an exchange of information between the claimant and the plan administrator after an initial denial but while the plan is reconsidering its decision. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503–1(f). Gonzalez's reading of her policy's examination clause would derail the information exchange that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Congress intended to take place *after* an initial claim denial, and undermine the public policy interests served by that requirement. *See Diaz v. United Agric. Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1483 (9th Cir.1995); *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1094 (9th Cir.1999) (en banc) (plurality opinion).

Because it is inconsistent with the language of the clause as well as in tension with ERISA, Gonzalez's interpretation of the examination clause is not reasonable. We therefore are not obliged to construe the clause in her favor. *Deegan v. Continental Cas. Co. .,* 167 F.3d 502, 507 (9th Cir.1999).

We conclude that the district court properly decided that Gonzalez was not entitled to benefits under the policy because she refused to comply with Guarantee's examination requests. We therefore need not reach any other issues raised by this appeal.

AFFIRMED.